# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

BERNADETTE COLEMAN,

    Plaintiff,

v.                                                          CASE NO. 1:16-cv-00311-WTH-GRJ

NANCY BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation. (ECF No. 19). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The time for filing objections has passed, and none have been filed.

Having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted. The Court agrees with the Magistrate Judge that the Administrative Law Judge did not adequately explain the manner in which he gave significant weight to the opinion of Dr. Zelaya, the treating orthopedic physician. Therefore, the decision denying benefits shall be reversed and this case should be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

A remand under sentence four is considered a final judgment. *Bergen v. Commissioner*, 454 F.3d 1273 (11th Cir. 2006). Thus, absent a court order stating otherwise, a successful plaintiff's counsel would normally have fourteen days after the order of remand to file a motion

with the District Court requesting an award of attorney fees. Fed. R. Civ. P. 54(d)(2)(B). This Rule has been interpreted by the Eleventh Circuit to even apply to a request for fees to be paid from plaintiff's past due benefits pursuant to 42 U.S.C. § 406(b)(1). <u>Bergen</u>, 454 F.3d at 1277-78. However, plaintiff's counsel in such a case will not know the amount of benefits - and therefore fees - until after the Commissioner awards benefits, which typically takes longer than fourteen days after the entry of judgment. Therefore, an extension of time to seek such fees is warranted, and was recommended by the <u>Bergen</u> opinion. <u>Id</u>. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge, ECF No. 13, is adopted, the decision of the Administrative Law Judge is reversed, and this matter is remanded to the Commissioner.

This Clerk is directed to enter final judgment as follows: "The decision of the Commissioner, denying benefits, is reversed and this case remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings."

Pursuant to <u>Bergen</u>, proceedings on attorney fees under the Social Security Act, 42 U.S.C. § 406(b) are stayed until the matter is fully adjudicated upon remand. The plaintiff shall file a motion to award fees under 406(b) within 30 days after counsel receives notice from the Commissioner as to plaintiff's past due benefits.

This stay relates only to attorney fee proceedings under § 406(b) of the Social Security Act, not to attorney fee proceedings under the Equal Access to Justice Act, 28 U.S.C. § 2412, the latter of which may be adjudicated at this time.

**DONE AND ORDERED** this _11th_ day of December, 2017

_____
UNITED STATES DISTRICT JUDGE